IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN A. EDWARDS,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPUY SYNTHES SALES, INC., a Massachusetts corporation, as successor in interest to SYNTHES MAXILLOFACIAL, INC.,<br><br>    Defendant.<br>_____/ | No. C 13-6006 CW<br><br>ORDER GRANTING MOTION TO TRANSFER; DENYING MOTION TO DISMISS (Docket Nos. 12, 31) |

    Plaintiff Ryan Edwards brings this declaratory judgment action against his former employer, Defendant DePuy Synthes Sales, Inc.  Defendant moves to transfer or dismiss.  Plaintiff opposes both motions.  After considering the parties' submissions and oral argument, the Court grants the motion to transfer and denies the motion to dismiss.

BACKGROUND

    Synthes is a medical device company incorporated in Massachusetts and headquartered in Pennsylvania.  In August 2008, it hired Edwards to work as an associate sales consultant in California.  At the time of his hiring, Edwards signed a "Confidentiality, Non-Solicitation and Non-Competition Agreement" which contained a "Choice of Law and Forum" provision that reads as follows:

> This agreement will be governed by
> Pennsylvania law applicable to contracts
> entered into and performed in Pennsylvania.  I
> agree that this agreement shall exclusively be
> enforced by any federal or state court of
> competent jurisdiction in the Commonwealth of
> Pennsylvania and hereby consent to the
> personal jurisdiction of these courts.

Docket No. 7, First Am. Compl. (1AC), Ex. A, at 6.

In November 2009, Edwards was promoted to sales consultant. As a condition of receiving the promotion, he signed a new "Confidentiality, Non-Solicitation and Non-Competition Agreement," which contained the same choice-of-law and forum-selection provision as the August 2008 agreement.  1AC, Ex. B, at 7.

Edwards continued working as a sales consultant for Synthes until December 31, 2013, when he resigned from his position and notified the company that he had accepted a position with Stryker Corporation, one of Synthes's competitors.  On the day of his resignation, Edwards filed his complaint in this action, seeking declaratory judgment that the non-competition provisions of his August 2008 agreement are not enforceable under California law.

One week later, on January 8, 2014, Synthes filed an action in the Eastern District of Pennsylvania, alleging that Edwards breached the November 2009 non-competition agreement and a 2008 non-disclosure agreement by accepting a position with a competitor.  Synthes moved that court for a preliminary injunction to prevent Edwards from violating both of those agreements.

On January 10, 2014, two days after Synthes filed its complaint and preliminary injunction motion in Pennsylvania, Edwards amended his complaint in this action.  Specifically, he amended his prayer for relief to make clear that he is seeking

declaratory judgment that the August 2008 and November 2009 non-competition agreements are both unenforceable.

In February 2014, Edwards moved to dismiss the Pennsylvania action or, in the alternative, transfer it to this district. While that motion was pending, Synthes filed the instant motions to dismiss or transfer in the present action.

On May 15, 2014, the Hon. William Yohn of the Eastern District of Pennsylvania denied Edwards' motion to dismiss or transfer. He reasoned that the November 2009 agreement's forum-selection clause required that any disputes concerning the agreement be litigated in Pennsylvania. Furthermore, he noted, the Pennsylvania action had proceeded further than the present action because "substantial evidence ha[d] been developed in [that] case in connection with Synthes's motion for a preliminary injunction, including a completed period of expedited discovery and two days of sworn testimony before the court." Depuy Synthes Sales, Inc. v. Edwards, Civil Case No. 14-0102, Docket No. 44, slip. op. at 8 (E.D. Pa. May 15, 2014) (May 15, 2014 E.D. Pa. Order). Citing these "equitable considerations," Judge Yohn concluded that it would be improper to dismiss or transfer the action to this district. Id. at 5.

DISCUSSION

I. Motion to Transfer

A. Legal Standard

Title 28 U.S.C. § 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court has

3

broad discretion to adjudicate motions for transfer on a case-by-case basis, considering factors of convenience and fairness. See Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988). Factors the court may consider include (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) relative ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

The movant bears the burden of justifying the transfer by a strong showing of inconvenience. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The motion may be denied if the increased convenience to one party is offset by the added inconvenience to the other party. Id. As a general rule, the plaintiff's choice of forum is given significant weight and will not be disturbed unless other factors weigh substantially in favor of transfer. See 28 U.S.C. § 1404(a). A "proper application of § 1404(a) requires that a forum-selection clause 'be given controlling weight in all but the most exceptional cases.'" Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 579 (2013) (citations omitted). However, a "'choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought.'" Richards v. Lloyd's of London,

4

135 F.3d 1289, 1293 (9th Cir. 1998) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

B.   Analysis

The parties do not dispute that this action could have been filed in the Eastern District of Pennsylvania.  Rather, they dispute whether the interests of justice and convenience of the parties and witnesses weigh in favor of transferring this case to that forum.

"'[I]t has long been recognized that the avoidance of duplicative litigation is one of the paramount interests of justice.'"  Umax Technologies, Inc. v. Herold Mktg. Associates, Inc., 1998 WL 164964, at *1 (N.D. Cal.) (citations omitted; alterations in original).  Here, Edwards' declaratory judgment claims implicate the same legal and factual questions as Synthes's breach-of-contract claims in the Pennsylvania action.  As such, allowing Edwards to proceed on those claims in this forum -- after a Pennsylvania court has already decided that Synthes's claims should proceed in that forum -- would likely lead to duplicative litigation.  See id. (granting § 1404 motion where a duplicative action had been filed in the transferee court and the transferee court had "already determined that the balance of equities weigh[ed] in favor of keeping the case").  Accordingly, the interests of justice counsel toward transfer.

So, too, do the § 1404 convenience factors.  As noted above, Synthes is headquartered in Pennsylvania.  Although Edwards is a California resident, he has not asserted -- either in this action or in the Pennsylvania action -- that it would be inconvenient for him to litigate in Pennsylvania.  See May 15, 2014 E.D. Pa. Order

5

7 ("Edwards asserts no inconvenience from litigating in Pennsylvania."). Nor has he identified any evidence or witnesses located in California. In fact, at the hearing on Synthes's motions, Edwards suggested that this case could be adjudicated without any evidence or witness testimony because his claims are based entirely on the terms of the November 2009 agreement, which are not in dispute.[1] He also previously represented to the Pennsylvania court that his new employer was paying for the costs of his litigation against Synthes. This significantly reduces whatever inconvenience he might suffer as a result of having to litigate outside of California.

In sum, the interests of justice and convenience factors both weigh in favor of transferring this case to the Eastern District of Pennsylvania.[2]

## II.  Motion to Dismiss

Because this case will be transferred to the Eastern District of Pennsylvania, the Court denies Synthes's motion to dismiss. Synthes may re-file the motion in the appropriate forum after this case is transferred.

---

[1] Edwards specifically argued that "facially, these covenants not to compete are invalid as a matter of law and . . . there are no facts that would be required to make that determination." Docket No. 59, April 3, 2014 Hrg. Tr. 17:18-:21 (stating that Edwards is willing to strike all factual allegations from his summary judgment motion).

[2] The Court does not address Edwards's arguments concerning the enforceability of the November 2009 agreement's forum-selection clause. Regardless of whether that clause is enforceable, the Eastern District of Pennsylvania remains the superior forum for litigating this dispute in light of Judge Yohn's recent decision to retain the action filed by Synthes in that district.

6

CONCLUSION

For the reasons set forth above, Defendant's motion to transfer (Docket No. 31) is GRANTED and Defendant's motion to dismiss (Docket No. 12) is DENIED without prejudice to re-filing in the transferee court. The clerk shall transfer the file to the Eastern District of Pennsylvania.

IT IS SO ORDERED.

Dated: 5/22/2014

CLAUDIA WILKEN
United States District Judge

7